## Case No. 5,285.

### GAYLORD v. JOHNSON.

[5 McLean, 448.] [1]

Circuit Court, D. Indiana. May Term, 1850.

COURTS—JURISDICTION — CITIZENSHIP — SUIT BE-
TWEEN ASSIGNOR AND ASSIGNEE OF
PROMISSORY NOTE.

1. The assignee of a note, a citizen of Ohio, may bring his action in the circuit court against the assignor, a citizen of Indiana.

2. A note made payable in Ohio is an Ohio contract, and demand of payment when the note is due, protest and notice are due diligence.

3. Where the action is between the assignor and his immediate assignee, it is only necessary to sustain the jurisdiction of the circuit court that plaintiff and defendant are citizens of different states.

4. The action is on the contract of assignment.

At law.

Mr. Henderson, for plaintiff.
Mr. Ray, for defendant.

OPINION OF THE COURT. This action is brought by the plaintiff [T. G. Gaylord], as assignee of a promissory note by the defendant [Howard P. Johnson], the payee, who was a citizen of Indiana. Two objections are made by the defendant: (1) That the assignor could not sue in this court, consequently his assignee cannot sue. (2) By the laws of Indiana, the maker of the note must be prosecuted to insolvency,—the note, not being payable to or at a bank, is not negotiable by the laws of Indiana.

This suit is brought against the indorser, to which no objection can be made, under the eleventh section of the judiciary act [1 Stat. 73], which applies to assignments, where the action is brought by the assignee against the maker of the note. There was a special plea that the note was assigned in Indiana, to which there was a demurrer. The note was payable in Ohio, it was therefore an Ohio contract, and governed by the laws of Ohio. Demand of payment of the note when due, protest and notice, are due diligence. As this action is brought against the assignor, by his assignee, the place of assignment is immaterial. The action is founded on the assignment, and the plaintiff and defendant are citizens of different states. This gives jurisdiction. The demurrer is sustained, and judgment.

= =

GAYLORD (McNAMARA v.). See Case No. 8,910.

GAYLORD PATENT COUPLING & MANUF'G CO. (BLISS v.). See Case No. 1,547.

GAY'S GOLD (UNITED STATES v.). See Case No. 15,194.

[1] [Reported by Hon. John McLean, Circuit Justice.]